IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOUVENIA ARMSTRONG and HENRY BEASLEY, individually and on behalf of a class of all other African American persons similarly situated, BETTY TALLEY, GEORGE OBI, WALTER BROWN, VINCENT BEAUREGARD, LARSEN CASH, LILLIAN HARRIS, MARILYN MCNEILL, TIM SWADER, FLOYD WOODLEY, and GERALDINE THOMAS,<br><br>    Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>    Defendant. | Civil No. 3:03-1250<br>Judge Trauger |

## MEMORANDUM

The plaintiffs have filed a Motion for Preliminary Injunction to Reinstate Plaintiffs Henry Beasley and Larsen Cash (Docket No. 196), to which the defendant has responded in opposition (Docket No. 214).

Factual Background

Henry Beasley and Larson Cash are long-term employees of defendant Whirlpool Corporation at its LaVergne facility. Both are named plaintiffs in this putative class action race discrimination case against defendant Whirlpool. Mr. Beasley gave deposition testimony in connection with this case on February 28, 2006, and Mr. Cash gave such testimony the following day. The testimony revealed that Mr. Cash found the notebook pad of his supervisor on the floor of the plant and showed it to Mr. Beasley, who then furnished it to plaintiffs' counsel in this

1

case. The notebook apparently contained notes that led Beasley and Cash to believe that they were "being watched" by Whirlpool management because they were participating in this lawsuit. Because Whirlpool determined that Beasley and Cash had violated two company rules that subjected them to "immediate discharge" by retaining the supervisor's notebook and not returning it to him, Whirlpool discharged both Beasley and Cash shortly after this conduct came to light during their depositions. The plaintiffs seek a preliminary injunction reinstating Beasley and Cash on the ground that their terminations are pure acts of retaliation for filing this lawsuit and that their terminations will "chill" the participation of other employees in this case.

## Analysis

The parties agree that the traditional four factors for the issuance of an injunction under Rule 65, FED. R. CIV. P., apply in determining whether an injunction should issue that reinstates Beasley and Cash. The court looks to the following factors:

(1) the likelihood of the movant's success on the merits;

(2) the irreparable harm that could result if the injunction is not issued;

(3) the impact on the public interest of granting or denying the injunction; and

(4) the possibility of substantial harm to others if the injunction is issued.

*G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1076 (6th Cir. 1994).

As to likelihood of success on the merits, the timing and aggressiveness of Whirlpool's discipline of these two employees weighs in favor of interpreting the terminations as retaliation for participation in this lawsuit. On the other hand, Whirlpool has made out a strong case that, in fact, these employees violated two company rules that give rise to immediate discharge. Certainly, filing a lawsuit against one's employer does not give one *carte blanche* to violate

2

company rules without the imposition of discipline for those violations. *See Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1312 (6th Cir. 1989). The court notes that the plaintiffs have presented no similar cases of lesser discipline being imposed against employees for a violation of the two rules allegedly violated in this instance, but the plaintiffs are at a disadvantage in establishing that point because they have not had discovery on this issue.

In an effort to establish irreparable harm if the injunction is not issued, the plaintiffs have presented the identical form declarations of ten present and former employees at Whirlpool. They all state, in part:

> 5. I am aware that Whirlpool fired Mr. Beasley and Mr. Cash about one week after they gave deposition testimony related to the case against Whirlpool.
>
> 6. I believe that Whirlpool fired Mr. Beasley and Mr. Cash in retaliation for their participation in their lawsuit, and that Whirlpool is trying to show employees who might otherwise provide statements or other support for Plaintiffs' claims that they will be punished for doing so.
>
> 7. I believe that employees at Whirlpool will now be reluctant to come forward with their own discrimination claims, or participate actively in the pending Class Action, for fear of retaliation from Whirlpool.

(Docket No. 196, Ex. E)

These declarations fall short of establishing that irreparable harm will result if Beasley and Cash are not reinstated. They are speculative and based upon assumptions that might or might not be true. A "belief" that employees will be reluctant to come forward does not establish a "chilling effect." In the one case cited by the parties that seems most on point, the Sixth Circuit found insufficient even the actual testimony of a witness that the termination of an employee did have a chilling effect upon her. *See Sharpe v. Owens-Corning Fiberglass*, 725 F.2d 685, 1983 U.S. App. LEXIS 12292, *8 (6th Cir. 1983). Even in a case heavily relied upon

3

by the plaintiffs, the court found insufficient to establish irreparable harm the testimony of five employees that they would be hesitant to cooperate for fear of retaliation, in the face of testimony by an E.E.O.C. investigator that she had "not detected a lack of cooperation from . . .employees." *E.E.O.C. v. Anchor Hocking Corp.*, 666 F.2d 1037, 1039 (6th Cir. 1981). Other cases relied upon by the plaintiffs were decided under different standards for irreparable harm. *See Milliron v. Louisville & Jefferson Metro. Sewer*, 867 F. Supp. 559, 564 (W.D. Ky. 1994) ("The loss of First Amendment rights, even for minimal periods of time, constitutes irreparable injury sufficient to justify injunctive relief."); *Ahearn v. Jackson Hosp. Corp.*, 351 F.3d 226, 239 (6th Cir. 2003) (unfair labor practice motivated by anti-union animus in violation of National Labor Relations Act).

The public interest will not be served by granting this injunction and reinstating Beasley and Cash. Not only would this reflect a premature judgment on the part of the court, based on sparse facts, that Beasley and Cash were fired in retaliation for their participation in this lawsuit, but, importantly, the injunction would interfere with the union grievance process, which both Beasley and Cash apparently are pursuing through the Boilermakers Union as a result of their terminations.

Issuing the injunction has the potential for doing substantial harm to the employee-employer relationship at Whirlpool. Usurping the union grievance process through court action of this sort would be disruptive and could lead to uncertainties on the part of employees, Whirlpool and the union that are unwarranted.

4

Conclusion

Balancing all of the relevant factors, the court concludes that the request to issue a preliminary injunction reinstating Beasley and Cash lacks sufficient merit. Therefore, for the reasons expressed herein, the plaintiffs' motion will be denied. An appropriate order will issue.

Enter this 5th day of May 2006.

_____
ALETA A. TRAUGER
U.S. District Judge